# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 4:19-00793-CV-RK |
| v. | ) ) |
| KELLI MATHIS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LINDA DONAHUE, DECEASED; ELIZABETH A. FORD; DAVID W. DONAHUE, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER GRANTING UNOPPOSED MOTION FOR INTERPLEADER DEPOSIT

Before the Court is the motion of Plaintiff Metropolitan Life Insurance Company for leave to deposit $56,000 in life insurance benefits ("Plan Benefits") into the Court's registry. (Doc. 10.) This is an interpleader action over which it appears the Court has several bases for federal subject-matter jurisdiction. According to the Complaint, Plaintiff is a fiduciary under the Employee Retirement Income Security Act ("ERISA"); the plan at issue is governed by ERISA; and at least two competing claimants are citizens of different states. *See Prudential Ins. Co. of Am. v. House*, No. 6:17-03249-CV-RK, 2019 WL 1966135, at *2 (W.D. Mo. May 2, 2019) (federal question jurisdiction is present under 28 U.S.C. § 1331 when there are competing claims over an ERISA plan and the interpleader plaintiff is an ERISA fiduciary); *Prudential Ins. Co. of Am. v. Williams*, No. 19-CV-2015-CJW-KEM, 2019 WL 3482855, at *4 (N.D. Iowa July 31, 2019) (same under ERISA's civil enforcement provisions, 29 U.S.C. § 1132); *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (jurisdiction under the federal interpleader statute, 28 U.S.C. § 1335, requires minimal diversity and a $500 amount in controversy). Defendants do not oppose Plaintiff's motion and have asserted in their answers that the Plan Benefits should be deposited into the Court's registry. (*See* Docs. 8, 9, Answers.) Accordingly, the Court **ORDERS** as follows:

1. Plaintiff's motion is **GRANTED**. (Doc. 10.)
2. Within 21 days of this Order, Plaintiff shall deposit with the Clerk of this Court the Plan Benefits, plus any applicable interest.

3. The Clerk shall deposit the funds received from Plaintiff into the Court's registry in an interest-bearing account as soon as the business of her office allows.

4. The funds shall remain on deposit until further Order of this Court.

5. The Clerk shall deduct a fee for handling the funds, as authorized by the Judicial Conference of the United States and as set by the Director of the Administrative Office, of 10% of the income earned.

**IT IS SO ORDERED.**

                                  s/ Roseann A. Ketchmark
                                  ROSEANN A. KETCHMARK, JUDGE
                                  UNITED STATES DISTRICT COURT

DATED: January 24, 2020